Summers
*v.*
U. S. Ins. Co.

A. W. WALKER *v.* V. SANCHEZ.

Jurisdiction by our court over an absentee, by the appointment of a curator *ad hoc* to represent him, is only acquired when the subject-matter of the suit, and the nature of the proceeding render such an appointment proper.

The curator *ad hoc* cannot, by his pleadings, invest the court with jurisdiction when otherwise the court would have none.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King*, for plaintiff. *A. G. Semmes*, for defendant and appellant.

MERRICK, C. J. This suit was commenced by injunction and the appointment of a curator *ad hoc* to recover $7,757 21 damages alleged to have been sustained

64

WALKER
v.
SANCHEZ.

by the plaintiff, by the unlawful seizure in the State of Florida, in an attachment there issued at the suit of *Sanchez* against *J. M. Hernandez*, of one hundred and fifty-five slaves bought by plaintiff of *Hernandez*. The attachment was levied on the 3d day of March, 1853, and the items of damage alleged are jail fees, additional interest, counsel fees, traveling expenses, and two month's wages of one hundred hands.

The negroes were sold by *Hernandez* to *Walker*, in January, 1853, and were to be delivered when *Walker* complied with the terms of sale. Prior to the levy of the attachment, the negroes were delivered to one *Washington*, to be delivered to *Walker* on such compliance. They, or a part of them, appear to have been under seizure under other process also when the attachment was levied.

As part of the price of the negroes, *Walker* gave, among others, four notes for $490, payable in one, two, three and four years; and one for seven thousand dollars, payable four years after date, to the order of *Walker*, and dated April 1st, 1853.

These notes were deposited with *Colonel Thomas F. Hunt*, of New Orleans, and on the 17th day of April, an agreement was entered into in Florida, between *Sanchez* and *Hernandez*, by which the attachment was to be released by the delivery, among other things, of the note of seven thousand dollars, then in *Colonel Hunt's* hands. On the 20th of the same month, *Hernandez* gave *Sanchez* an order on *Colonel Hunt* for the five notes in his hands, above mentioned.

Plaintiff avers the ownership of the notes in *Sanchez ;* alleges that he has been informed and believes *Sanchez* intends to transfer the notes, and as a consequence plaintiff will not be able to collect of the same, the amount which is due him.

He prays for an injunction against *Thomas F. Hunt*, and for a curator *ad hoc* to represent *Sanchez*, an absentee, and that judgment be rendered against *Sanchez* for $7,757 21 and costs. The suit was commenced June 3d, 1853.

The curator *ad hoc* prayed for oyer of the act of sale, and excepted to the suit on the ground, that it was a suit by attachment under the disguise of an injunction ; that the bond and affidavit were insufficient, and for other causes patent on the face of the petition, and prayed that the injunction be dissolved with damages and interest, and attorney's fees.

An answer was also filed reserving exceptions, and in the absence of instructions, denying all the allegations of plaintiff's petition, and alleging that defendant, by reason of the unjust and illegal proceedings of plaintiff, has sustained $2,500 damages, which the curator *ad hoc* claims by way of reconvention.

There was judgment in favor of plaintiff for $6,324 20 ; and it was decreed, that the injunction be perpetuated until the amount of the judgment should be paid by defendant.

The curator *ad hoc* has taken a devolutive appeal.

The appellant's counsel urges, as a preliminary question, that the lower court had no jurisdiction over the demand in this case.

To this, it is replied by the counsel for the appellee, that *Sanchez* has never disclaimed the acts of the curator *ad hoc*, and that the counsel who appears in this court was retained by *Sanchez* personally, and that he adopts the pleas of the curator *ad hoc*, and is, therefore, bound by them. That none of these pleas deny the jurisdiction of the court, and that the curator *ad hoc*, without requiring judgment upon his exceptions, filed a reconventional demand, and thereby waived all questions as to jurisdiction.

Since the decisions in the cases of *Broughton* v. *King* and *Dupuy* v. *Hunt*, 2

Ann. 562 and 569, and the subsequent decisions of this court affirming the doctrine of those cases, the curator *ad hoc* cannot, by any informality of pleading, invest the court with jurisdiction which the subject-matter of the suit and nature of the proceeding do not give.

As the judgment cannot, in general, be *in personam*, where the service of process has been on a curator *ad hoc*, the court must look to the subject-matter of the controversy in pronouncing the decree. See *Stevens* v. *Graves*, 9 An. 239 ; *Hedrick* v. *Banister*, 10 An. 208.

Here the plaintiff's demand, under the most favorable view, was one sounding in damages for the wrongful seizure of his property by *Sanchez*. *Sanchez* had become the holder of certain obligations of the plaintiff not yet due. It was, therefore, not possible that compensation could have taken place, and that notes which had been discharged, were about to be put in circulation. Neither did the nature of the debt give *Walker* a privilege upon the notes ; and it is likewise certain that the service of an injunction upon *Sanchez's* agent, *Colonel Hunt*, could not create one. There was then nothing in the nature of the controversy or process which could give the court jurisdiction.

But it is urged : " If *Sanchez* had sued *Walker* on these notes, the latter had an undoubted right under the Act of 1839, amending the Code of Practice (Rev. Stat. p. 96, sec. 32), to set up his claim against *Sanchez*, by a plea in reconvention. The greater necessarily includes the lesser right. If *Walker* could prevent *Sanchez* from compelling him to pay the notes by judgment, *a fortiori*, he could prevent *Sanchez* from compelling him to pay them by passing them off to third persons."

This argument admits of an answer. The conditions upon which one may set up in reconvention a demand not necessarily connected with or incidental to the main cause of action are : 1st. That the party should institute an action ; and, 2dly. That he should reside out of the parish or out of the State. Rev. Stat. p. 96, sec. 32 ; C. P. 375.

The first of these conditions has not happened, and may never happen, and nothing prevented *Sanchez* from becoming a resident of this city at the maturity of his obligations. If the conditions do not happen, and *Sanchez* does not submit himself to the jurisdiction of our courts, no reconventional demand can be instituted against a prospective demand to be based upon a state of facts which it is imagined may happen four years afterwards.

We conclude that the proceeding in this case, is not warranted by law.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and now pronouncing such judgment as ought to have been rendered by the lower court : It is ordered that the plaintiff's demand, including the injunction, be dismissed, as for the want of jurisdiction, and that said plaintiff pay the costs of both courts.