BELUS LOUNSBURY, APPELLEE, v. JAMES H. CATRON, IMPLEADED, ETC., APPELLANT.

**Mortgage Foreclosure:** PARAMOUNT TITLE. L. brought his action to foreclose a mortgage executed by McW. Several other persons, including C., were made defendants as subsequent purchasers and incumbrancers. C. answered, claiming to be the absolute owner of the land by paramount title, averred that McW. never had any right or title to the land, and prayed that the mortgage be adjudged null and void and cancelled. The plaintiff replied denying the validity of C.'s title, alleging that it was obtained by fraud, etc. On appeal by C. from a decree of the district court foreclosing the mortgage and declaring the pretended title of C. to be void, and setting aside the several deeds of conveyance under which he claimed title—*Held,* That C. having set up his adverse title—having by pleading as well as by testimony invoked the judgment of the court as to the validity of his title—he cannot now deny the power of the court to pass upon the issue thus presented.

THIS was an appeal by James H. Catron from a decree rendered against him in the district court for Otoe county, wherein he was impleaded with one McWilliams in an action brought by Lounsbury to foreclose a mortgage upon certain property in that county executed and delivered by said McWilliams.

*E. F. Warren,* for appellant.

1. It is a rule in chancery not affected by the code, that a party must recover according to the case made by his complaint, or not at all; *"secundem allegata"* as well as *"probata."* No decree can be made in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings and evidence. *Bank v. Eames,* 1 Keyes, N. Y., 592. *Kelsey v. Western,* 2 N. Y., 500. *Ferguson v. Ferguson,* Id., 360. *Bailey v. Ryder,* 10 N. Y., 363. Story Equity Pleadings, Sec. 257. *Helm v. Cantrell,* 59 Ill., 530. A complainant in equity cannot, upon a prayer for specific relief, obtain a decree for more than he has asked in his bill. *Sims v. Guthrie,* 9 Cranch, 19. *Koehler v. Black River Co.,* 2 Black, 715. *Hall v. Towne,* 45 Ill., 493. *Walters v. Fredericks,* 11 Iowa, 181. *Blake v. Blake,* 13 Id., 40. *Byam v. Cook,* 21 Id., 392. *Wiltenberger v. Morrison,* 39 Mo., 71. *Armitage v. Pulver,* 37 N. Y., 494. *Coleman v. R. R. Co.,* 38 N. Y., 201. *Evans v. Gibson,* 29 Mo., 223. *Ward v. Enders,* 29 Ill., 519. *Brayton v. Jones,* 5 Wis., 117. *English v. Foxall,* 2 Pet., 595. *Boon v. Chiles,* 10 Pet., 211. *Raum v. Reynolds,* 11 Cal., 14. This decree is fatally defective. *Bachman v. Sepulveda,* 39 Cal., 688. *Marshman v. Conklin,* 21 N. J., Eq., 546. Id., 107. Id., 191. *Charpentier v. Brenham,* 59 Cal., 549. *Rogers v. Brooks,* 30 Ark., 612. Under a prayer for general relief, a court of

equity will grant such particular relief as the case stated in the body of the bill will justify. *Canal Co. v. Coal Co.*, 21 Pa. St., 131. *Holmes v. Fresh*, 9 Mo., 201. *Holland v. Anderson*, 38 Mo., 55, and cases cited *supra—Dodge v. Wright*, 48 Ill., 382.

2. This is an action to foreclose a mortgage. The petition did not, nor could it without having a misjoinder of causes of action, contain allegations competent to raise issues of title. In such an action a party whose claim is adverse or paramount to the title of the mortgage cannot be barred as to such title by any decree in such suit. His title cannot be litigated. *Corning v. Smith*, 6 N. Y., 82. *Lewis v. Smith*, 9 N. Y., 502. *Frost v. Koon*, 30 N. Y., 446. *Shellenberger v. Biser*, 5 Neb., 195. *Eagle Fire Co. v. Lent*, 6 Paige, 637. *Strobe v. Downer*, 13 Wis., 10. *Straight v. Harris*, 14 Wis., 509. *Pelton v. Farmer*, 18 Wis., 222. Nor will the fact that the party claiming the adverse title litigates it in the court bar him. It is erroneous and will be reversed; the court should have dismissed the bill as to such party. *Board v. R. R. Co.*, 24 Wis., 121–131, and cases cited *supra*. *Chamberlain v. Lyell*, 3 Mich., 448. Such decree would be no estoppel. *Littlefield v. Crocker*, 30 Me., 192. *Holcomb v. Holcomb*, 2 Barb., 20. *Hill v. Meeker*, 23 Conn., 572. *Mundy v. Vail*, 34 N. J. L., 418.

*Albert S. Cole* and *M. L. Hayward*, for appellee.

1. The appellant waived his pretended claim of paramount title. 1st, By his answer and cross bill and by therein asking affirmative relief; 2d, By not disclaiming and asking to be dismissed; 3d, By joining in the issue raised by the reply and making no objections to the proceedings; 4th, By not denying any of the averments of the petition which left them to be

taken as true. Waiver is defined to be "the relinquishment or refusal to accept of a right." In practice, it is required of every one to take advantage of his rights at a proper time, and neglecting to do so will be considered as a waiver. Bouvier's Law Dictionary. The proper time to have urged the question of paramount title was in the court below by a proper answer and disclaimer, followed by a request to be dismissed from the action. Had appellant done this he might have had some standing in this court, but as it is he has none. He gave himself away by his answer and proceedings, and is now estopped.

2. The position which appellant assumes in this court is wholly inconsistent with that taken by his answer in the court below. The rule of law is that when one has an election between several inconsistent causes of action he will be confined to that one which he first adopts. Any decisive act of the party, done with knowledge of his rights and of the fact, determines his election and works an estoppel. *Rodemund v. Clark*, 46 N. Y., 354. *Morris v. Rexford*, 18 N. Y., 552. *Sloan v. Hocum*, 29 Mich., 153. *Conahan v. Thompson*, 111 Mass., 270. *Tilley v. Adams*, 108 Mass., 50.

3. We insist that when a party has proceeded in a cause as appellant has in this—presented his whole defense, left the plaintiff's petition undenied, thereby admitting the same to be true, joined in and proceeded to the trial of the issues raised by his answer and plaintiff's reply, to a full hearing and determination of the same without objection, and then at last when he discovers himself coming out at the little end of the horn— he will not be allowed to wiggle and twist and cry out: "My title is paramount and should not have been determined in this foreclosure action." The answer to all this squealing on the part of appellant is: Why did you not disclaim, object, ask to be dismissed, or deny

the petition?   The most that can be claimed by the
appellant's answer is that it sets up new matter, which
is a complete defense to plaintiff's cause of action if
true.   How such a defense is to be taken and pleaded
has been fully considered by this court.  *A. & N. R.
R. v. Washburn*, 5 Neb., 122.

COBB, J.

Belus Lounsbury commenced his action in the dis-
trict court of Otoe county to foreclose a mortgage on a
certain tract of land in said county executed by Wil-
liam McWilliams.   The petition is in the usual form
against McWilliams as mortgagor, and several other
defendants as subsequent incumbrancers—among the
rest James H. Catron, whom the petition alleges "has
or pretends to have some claim or interest in said
mortgaged premises; but just what said claim is or how
he acquired the same this plaintiff is not informed, but
avers the fact to be that whatever right, title, interest,
or claim the said Catron has is subsequent and subject
to the lien of plaintiff's mortgage."   Catron appeared
and put in an answer, in which he says: "that at the
date of said mortgage, to-wit: the second day of De-
cember, 1872, the said defendant McWilliams had no
right, title, or interest in or to the land described in
said mortgage, nor has he since acquired any right,
title or interest thereto.   That said McWilliams, after
the execution of the said pretended mortgage, sold or
pretended to sell and convey the said lands to the de-
fendant Christopher J. M. Newman.   That afterwards
an action was brought in this court by Jacob Blum,
the then owner and holder of the title to said land,
which defendant, James H. Catron, now owns and holds,
wherein Jacob Blum was plaintiff, and the said Chris-
topher J. M. Newman was defendant; that in said action

the said defendant was defeated, and the pretended title which he had acquired from the defendant Mc- Williams was by this court adjudged null and void, and the said Jacob Blum was adjudged to be the absolute owner of said land, holding the same by good and perfect title, which title is now owned and held by this defendant. The defendant further says, "that he is the absolute owner of said land, that the plaintiff Belus Lounsbury claims an adverse estate or interest therein by virtue of the said pretended mortgage; the said defendant therefore prays that the said mortgage be by this court declared and decreed null and void, and that the same be cancelled and held for nought," and for general relief.

To which answer and the answer of McWilliams, which need not be further noticed, the plaintiff filed his reply, in which he denied each and every allegation of Catron's answer; denied that Catron had any title; alleged that Catron pretends to hold said land by virtue of a deed from one Lehman; that Lehman never had any title, but pretended to have a deed to said lands from Jacob Blum, which deed was never delivered, but executed in blank and deposited as an escrow, etc.; that the pretended deed from Lehman to Catron was not a deed, but only a mortgage; that the judgment mentioned in Catron's answer, whereby Blum recovered the said land from Newman, was the result of a fraudulent conspiracy between Blum, Newman, and others, to defraud the plaintiff, etc.; that all these facts were well known to Catron, and to Lehman before, etc.

Upon the issues presented by these pleadings a large amount of testimony was taken by depositions, and orally before the court to whom the cause was tried, some of which tended to prove the facts set up in plaintiff's reply. Much of the testimony introduced

on the part of the plaintiff was objected to by the appellant on the ground of irrelevancy and incompetency, but none of it on the ground that the court had no right to try the title of appellant in the said action.

The court rendered a decree of foreclosure in favor of the plaintiff, and among other things it was decreed " that the pretended title of the defendant James H. Catron, under and by virtue of the several conveyances hereinbefore mentioned, is void, and said several conveyances are hereby set aside and held for nought, and any cloud upon the title to said land, caused by reason of the record of said deeds, is hereby removed and set aside," etc.

From this decree the defendant Catron appealed to this court.

It may be conceded that, had the appellant not appeared in the case in the district court, or had he appeared and only filed a general disclaimer, the court could not have passed upon the validity of his title—not for the want of jurisdiction in the court, but for the reason that the petition did not contain facts sufficient to constitute a ground for such action on the part of the court. But the appellant put in an answer in which he set up his adverse title, and in effect prayed the court to adjudge it to be the better and only title and to cancel the plaintiff's mortgage, which could only be done after a finding that the title upon which it was based was no title, or at most inferior to the title of the said defendant.

The question here presented is whether the appellant, having elected to assert his claim of paramount title to the land in the court below, and invoke its judgment upon it, and to invalidate the lien of his adversary, and having failed to establish such claim, can now come into this court and claim to have the decree of the district court reversed, on the ground that said

court had no power to pass upon the validity of his title in such proceeding.

The case of *Shellenbarger v. Biser*, 5 Neb., 195, cited and relied upon by counsel on both sides, seems to be directly in point and conclusive of this question. The court, in that case, as a general proposition, denies the right of a plaintiff to make a person claiming adversely to the title of the mortgagor and prior to the execution of the mortgage, a party for the purpose of trying the validity of such adverse claim of title. Yet the opinion proceeds: "But this rule does not exclude one who claims title and also claims to hold a mortgage on the same premises, who submits his claim to the adjudication of the court and asks that in case the court finds his title to the premises invalid, that he may have a decree for the amount due on the mortgage. * * * But the plaintiff joined issue with the defendant, denying the facts stated in his answer, and testimony has been taken by both plaintiff and defendant to establish the truth or falsity of the issue thus raised. It is therefore the duty of the court to consider all of the questions at issue." And the action of this court in that case, though not in form, yet in effect, disposed of the claim of paramount title of the defendant, Biser.

Following that case then, the appellee, having made the appellant in this case a party in ignorance of the nature and extent of his claim to the premises, and the appellant having thereupon set up and pleaded his adverse title, and having submitted evidence to sustain it— having as well by pleading as by testimony invoked the judgment of the court as to the validity of his title, he cannot now be heard to deny the power of the courts to pass upon the merits of the issue thus presented and litigated.

The district court had jurisdiction of the person of

the appellant. It had also jurisdiction of the subject matter, whether the case be considered as it was made by the plaintiff in his petition or as made by the answer and reply; and it matters not that the appellant may have been entitled to have the issue made by his answer and the reply of the appellant tried by a jury. His joining in the trial of the same to the court alone will be deemed a waiver of his right to a jury trial.

The decree of the district court must be affirmed.

DECREE AFFIRMED.