DANIEL C. BROWN, PLAINTIFF IN ERROR, v. O. T. CONGER, AND OTHERS, DEFENDANTS IN ERROR.

1. **Mortgage Foreclosure.** B., after executing a mortgage upon certain real estate in this state, removed therefrom, and in an action to foreclose the mortgage, service was had upon him by publication. A decree was taken, and sale had of the mortgaged premises. While the proceeds of sale were in court he filed a motion to open the decree, and filed an answer, setting up certain defenses, and also a motion to retain the proceeds of sale in court until final judgment. *Held*, that both motions should have been sustained.

2. ———: OPENING DECREE. In such a case, where it appears that the defendant had no actual notice of the pendency of the action, and has a defense to the same, he may open the judgment, as a matter of right, upon complying with the requirements of the statute.

ERROR to the district court of Lancaster county. Heard below before POUND, J.

*Brown & Marshall*, for plaintiff in error, cited 4 W. L. M., 581.

*Harwood & Ames*, and *Montgomery & Son*, for defendants in error.

MAXWELL, CH. J.

In January, 1878, the plaintiff below, Conger, commenced an action in the district court of Lancaster county against the defendants, to foreclose a mortgage, executed by Daniel C. Brown to R. R. Tingley, upon certain real estate in said county, to secure the payment of the sum of $514.50, which mortgage had been

NOTE.—A party in default may be permitted to answer at any time *before* judgment is rendered. *Blair v. West Point Manufacturing Co.*, 7 Neb., 156. See also *Frazier v. Miles, ante* page 109.—REP.

assigned to the plaintiff. Elizabeth T. Brown, Juliette C. Sinclair, and W. W. Beebe were made defendants upon the ground that they claimed some interest in the mortgaged premises. Moore and Hickman claimed a lien on the mortgaged premises, and were permitted to assert the same. Brown was a non-resident of the state, and service was had upon him by publication. Sinclair answered the petition, claiming to have a mortgage upon the premises, upon which there was due the sum of $500 with interest. Beebe answered, alleging that he held certain tax deeds which were void, and prayed to have a lien for taxes paid by him decreed against the land. On the trial of the cause at the May term, 1878, a decree was rendered in favor of the plaintiff for the sum of $596; Juliette C. Sinclair, $577.56; R. E. Moore, $324.40; C. H. Hickman, $89.05; attorneys' fees, $59.

In March, 1879, the defendant, Daniel C. Brown, filed a motion in the district court, accompanied by the proper affidavit, and asked to have the judgment opened and he let in to defend, and filed a full answer to the petition and cross-petitions. At the time of filing this motion the mortgaged premises had been sold under the decree of foreclosure, and the proceeds were in court awaiting distribution. The defendant Brown filed a motion to require the proceeds to be retained in court until the final determination of the validity of the defenses set up in his answer. This the court refused to do, but overruled both motions, to which the defendant excepted, and brings the cause into this court by petition in error.

The defendant Brown, in his answer alleges—1st, that he actually received but $350 from Tingley, and gave the mortgage for the sum of $514.70 upon that as the sole consideration; 2d, as to the mortgage lien of Sinclair, he alleges that the mortgage was executed

to secure the sum of $500, but the only consideration therefor was the sum of $375, and alleges that Beebe's claim for taxes is void and of no effect.

Section 82 of the code of civil procedure provides that " a party against whom a judgment or order has been rendered, without other service than by publication in a newspaper, may at any time within five years after the date of the judgment or order have the same opened and be let in to defend.   Before the judgment or order shall be opened the applicant shall give no-. tice to the adverse party of his intention to make such application, and shall file a full answer to the petition, pay all costs if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense ; but the title to any property the subject of the judgment or order sought to be opened, which, by it or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title of any property sold before judgment under an attachment.   The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits, to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."   Gen. Stat., 536.

A defendant served by publication, whose property has been taken under the process of the court and appropriated to the payment of a judgment recovered against him, may, at any time within five years after the entry of such judgment, have the same opened and be let in to defend, where it appears from affidavits that he had no actual notice of the pendency of

the action; that he has a defense in whole or in part to the same, and if required by the court shall pay all costs accrued to that date. This is a *right* which he possesses, and which the court cannot deny when he brings himself within the requirements of the statute. The title to any property the subject of the judgment or order sought to be opened, or which, in consequence of such judgment or order, has passed into the hands of a *bona fide* purchaser for value, will not be affected; but as between the parties to the action the defendant may set up any defense which would have been available when the action was commenced. The reason is, that there has been no trial of the cause in the true sense of that term, the proceedings having been entirely *ex parte*. The court therefore erred in overruling the motion to permit the defendant to open the judgment, and also in refusing to order the proceeds of the sale retained in the custody of the court until final judgment. The order of the court upon each motion is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.