SELDEN N. MERRIAM, PLAINTIFF IN ERROR, v. THOMAS B. GORDON, DEFENDANT IN ERROR.

1.  Opening Judgment: SERVICE OF NOTICE.  The proceeding under section 82 of the civil code, to open a judgment or decree rendered upon service by publication only, is a continuation of the original action, the exercise of a right existing by virtue of the character of the service, and the attorney for plaintiff in the action continues to be such, at least for the purpose of service of notice to open the judgment or decree, until the expiration of the time within which the motion to open the judgment may be made.

2.  ———: ———,  In such proceeding service of notice of the application upon the attorney for plaintiff in the action is a sufficient service under section 575 of the civil code.

3.  ———: ORDER INTERLOCUTORY.  An order opening a judgment or decree under the provisions of section 82 of the civil code is an interlocutory order, made necessary by the character of the service, and by the application of the defendant in the action within the time and in the manner fixed by law.

ERROR to the district court for Cass county.    Heard below before POUND, J.

*S. P. Vanatta,* for plaintiff in error.

*J. S. Mathews,* for defendant in error.

REESE, J.

Both parties to this action are non-residents of the state. On the 14th day of June, 1878, defendant in error began a suit in the district court of Cass county for the purpose of canceling a tax deed which plaintiff in error held upon certain real estate owned by defendant in error. Service of notice of the commencement of the action was made by publication. A decree in favor of defendant in error was entered on the 24th day of April, 1879, by which his title to the real estate was quieted and the cloud caused by the tax deed was removed. On the 31st day of March, 1884, plaintiff in error caused notice to be served upon the attorneys who represented defendant in error (as plaintiff) in obtaining the decree of April 24th, 1879, that on the first day of the April, 1884, term of the district court he would apply to said court to have the judgment and decree opened that he might make his defense to the action. The application was filed on the 14th day of April, 1884. This application was supported by the affidavit of plaintiff in error that he had no actual notice of the pendency of the action in time to appear in court and make his defense. On the same day he filed his answer to the petition, setting up his tax deed, alleging the levy of taxes, the amount paid, etc., and asking that in case of the failure of his title the taxes paid might be declared a lien and be foreclosed, and for general relief. On the 29th day of the same month, and on the first day of the term of the court, defendant in error appeared specially and moved the court to

Merriam v. Gordon.

quash the pretended service of notice to open the decree, for the reason that the notice was not served upon him personally, nor upon any authorized agent or attorney of his. This motion was supported by the affidavits of the attorneys who obtained the decree, to the effect that they were not attorneys or counsel for defendant in error, and that at the time of the rendition of the decree their relation to him as attorneys ceased, and that they had not since that time had any interest in his affairs or business, and that they had so informed the sheriff at the time of the service of the notice. The motion to quash the service was sustained, and the application to open the decree was overruled.

Plaintiff in error brings the cause to this court for review upon the one question in the case, which is, is service of notice of an application to open a judgment under section 82 of the civil code, a sufficient service if made upon the attorneys who appeared for the plaintiff in the action at the time of obtaining the judgment or decree? The section of the code referred to is as follows: "A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may at any time within five years after the date of the judgment or order have the same opened and be let in to defend. Before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. * * * * * The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits to show that during the pendency of the action the applicant had notice thereof in time to ap-

pear in court and make his defense." The question here presented is not without its difficulties. It is insisted, and such is no doubt the law, that the relation of attorney and client ceases, so far as the particular cause is concerned, upon the adjournment *sine die* of the court at which a final judgment or order is made. Freeman on Judgments, § 103. The question then is, does the rendition of a decree or judgment where service is had by publication, amount to a final determination of the rights of the parties, or is an order opening such decree or judgment an interlocutory order, the notice of which is governed by sections 572 to 579 of the civil code? By reference to section 82 it will be seen that a party against whom a judgment or decree has been rendered *may* at any time within five years have the same opened and be let in to defend. In order to secure the right he must give notice to the adverse party of his intention to make the application, file an answer to the petition, pay all costs, if required by the court, and make it appear to the satisfaction of the court, by affidavit, that he had no actual notice of the pendency of the action in time to appear in court and make his defense.

It is quite clear that the right secured by this section is absolute. If the party desiring to open the judgment or decree complies with the requirements of this section and files an answer presenting a defense to the petition, there is no discretion vested in the trial court. The judgment or decree must be opened and the defense heard. *Brown v. Conger*, 10 Neb., 236. *Savage v. Aiken*, 14 Id., 315. This being the case it seems that at the time a judgment or decree is rendered upon constructive service it is affected with this infirmity. It may or may not be final, as the defendant may elect, if he is informed of it within the five years. His application is not in any proper sense a motion for a new trial. No trial has been had. No issues have been presented for adjudication. The court has had

no jurisdiction over him. While the results of the judgment are protected to innocent purchasers yet the judgment itself must give way at the election of the defendant. The judgment is final only so far as to bind the property affected, if in the hands of innocent holders. If the title to property has not been acquired by virtue of the judgment or decree it cannot be said to be a final determination of the rights of the parties until the expiration of the five years mentioned in the section.

"A motion is an application for an order addressed to the court or a judge in vacation, by a party to a suit or proceeding or one interested therein." Sec. 572, civil code. "Notices of motions mentioned in this chapter," i. e. civil code, "may be served by a sheriff, coroner, or constable, or by any disinterested person, and the return of any such officer, or affidavit of any such person, shall be proof of service. The service shall be on the party or his attorney of record if the said party or his attorney be resident within the county in which the motion is made, and in case there is more than one party adverse to such motion, service shall be made, upon each party or his attorney." Id., § 575.

"When the matter to be noticed is anything in the nature of an interlocutory motion or proceeding, arising in the course of a suit, either at law or in equity, including notices necessary to take testimony, notices of appeal, etc., the notice should be served upon the attorney when one is employed. And even where the attorney of record has retired from the case, but no one had been substituted as required by statute regulating the practice of the court, a notice served upon the retiring attorney, whose name still appeared upon the record, was held well served." Wade on Notice, § 1321, and see cases there cited. When an attorney is employed to prosecute an action to its termination he must be considered as the attorney for plaintiff for all the purposes of the action—so far as service of notices in the course of the suit is concerned—unless he is discharged

of record and another substituted in his stead, and he can-not so sever himself from his client as to release him from his obligation to advise him, when necessary, of all the steps which are taken in the case.

As the procedure to open a judgment or decree, under section 82 comes directly within the provisions of the civil code, and is affected by sections 572 and 573 above referred to, it follows that service upon the attorneys was a sufficient service.

The decision of the district court is reversed, with directions to re-instate the cause and try the issues presented by the answer of plaintiff in error.

REVERSED AND REMANDED.

THE other judges concur.