CHARLES W. OAKES, APPELLEE, v. ARTHUR C. ZIEMER ET AL., APPELLEES, IMPLEADED WITH SARAH GRUNINGER, APPELLANT.

FILED SEPTEMBER 18, 1901.  No. 11,543.

Commissioner's opinion, Department No. 2.

1. **Opening Judgment:** SUFFICIENCY OF ORIGINAL PETITION. In an application to open a judgment under the provisions of section 82 of the Code of Civil Procedure, a defendant will not be heard to question the sufficiency of the petition on which such judgment was rendered.

2. **Definition of "Full Answer."** "A full answer," as used in this section, means one not wanting in any essential requirement; a meritorious answer.

3. **Evasive Answer.** *Held,* That in application to reopen a judgment for the foreclosure of a tax lien an answer denying on information and belief the regularity of such lien is evasive and not "a full answer," for the reason that such lien is a matter of public record from which defendant could obtain positive knowledge.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. Rehearing of case reported in 61 Nebr., 6. *Former judgment of affirmance adhered to.*

*Ricketts & Ricketts,* for appellant.

*I. H. Hatfield* and *S. L. Geisthardt, contra.*

OLDHAM, C.

All the facts essential to a final determination of this cause are set forth in the opinion reported in 61 Nebr., 6. A rehearing has been granted to permit a further argument on the sufficiency of the answer tendered by appellant, and to determine whether such answer entitles her to the relief provided by section 82 of the Code of Civil Procedure.

The contention of the appellant seems to be that any answer which, if filed before judgment, might under the liberal provisions of our Code be amended, is sufficient to entitle a non-resident defendant served by publication to the relief therein provided. This position leads to an examination of the construction to be placed on the words "a full answer" as used in section 82, *supra.* This section of our Code is identical with section 77 of the Code of Kansas, excepting as to the time in which the action is permitted to be instituted. The signification of these words in the Kansas statute has been determined by the supreme court of that state in the case of *Durham v. Moore,* 48 Kan., 135, 136. This opinion was on an application to reopen a judgment and seems to fully support the conclusions reached by this court on the former hearing of this case, both on the question of the insufficiency of the answer and also on the

right of appellant to question the regularity of a judgment sought to be reopened. The court says: "The plaintiff in error attacks the sufficiency of the petition and the findings and order of the court in the first instance. Under an application to open up a judgment, we do not understand that a defendant is in a position to attack the regularity of the proceedings. He asks to have the judgment opened up which had been rendered against him upon service by publication. Now, it would hardly be in consonance with good reason for the defendant to say that the judgment he asked to have opened up was not a judgment, or that no judgment was ever rendered, and all of the proceedings of the court were an absolute nullity. The plaintiff in error calls the record he wishes to have opened up a judgment, and he cannot now be heard to say that it is void. This attack comes too late. It is urged that, because the court below had notice of the application to open up the judgment, the defendant had filed the affidavit required by law and offered to pay the costs, if the court required him to pay them, and had filed an answer, it erred in refusing to open up the judgment. To support the contention of the plaintiff in error, there seems to be one essential finding lacking. The court does not find that he filed a full answer to the petition of the plaintiff. This is one of the necessary requirements of the statute; and we understand 'a full answer' to mean, not wanting in any essential requisite; a meritorious answer. The answer filed fails to show a complete defense to the petition."

In the case of *Union Lumbering Co. v. Supervisors*, 2 N. W. Rep., 281, the supreme court of Wisconsin under a statute requiring a meritorious answer to be exhibited to authorize the setting aside of a judgment by default, held that an answer denying on information and belief the regularity of a tax lien was not sufficient. The court says: "This answer is manifestly evasive and bad, because the public records within the reach of the defendants would enable them to positively and distinctly deny these de-

fects in the tax proceedings if they did not exist. *Mills v. Town of Jefferson,* 20 Wis., 54."

In *Palmer v. Rogers,* 70 Ia., 381, the court in reversing the action of a court below in setting aside a default on an imperfect answer, says: "This court has held, that to comply with the statute, (Code, 2871) requiring the party in default to file an 'affidavit of merits,' the defendant against whom the default was entered must set out and show the facts constituting the defense which he claims to be meritorious, to the end that the court itself may adjudge whether, indeed, it be so."

The rule seems to be well settled that the answer tendered in an application to set aside a judgment, must set forth with certainty and precision a defense to the merits of the cause, and that technical defenses or allegations in general terms will not suffice. This rule is supported by the leading text writers on judgments, and numerous decisions of courts of last resort in addition to those already cited.

The opinion on the former hearing seems to announce the true doctrine of this case, and it is therefore recommended that it be adhered to.

POUND, C., concurs.

SEDGWICK, C., concurring.

I concur in the opinion of my Brother OLDHAM, because the answer filed with the motion to open the judgment was not sufficient. The statute provides that it must be a full answer. That is, it must answer all of the petition. A general denial is a full answer. But a general denial, under our Code, must deny "each material allegation of the petition." This answer (which is quoted in the original opinion in this case) "denies the allegations contained in plaintiff's petition." In Moak's Van Santvoord's Pleadings [3d ed.], p. 530, it is said: "The answer is required to contain a 'general or specific denial of each material allegation,' etc. An answer that 'the defendant denies

the plaintiff's complaint,' or, 'denies the allegations contained in the plaintiff's complaint in manner and form as set forth therein,' would be manifestly insufficient. Effect must be given to the words, 'each material allegation.' And if the general denial or traverse is used, it should be strictly in the form, 'each allegation,' or, 'each and every allegation set forth in the plaintiff's complaint.' This will prevent the abuse of this general form of traverse, in cases where the plaintiff verifies his complaint for the purpose of narrowing down the issue by obtaining from the other side an admission of those material facts about which there can be no dispute. A denial of 'each allegation,' is in term distributive; and if a single allegation in the complaint be true, the defendant will not be able to use this general form of traverse." Judge MAXWELL, in his Code Pleadings, p. 386, says: "It is not sufficient to deny 'the plaintiff's petition,' or the allegations of 'the plaintiff's petition as therein set forth,' because the Code requires a 'denial of each material allegation of the petition controverted by the defendant.'" Under these authorities this language, "denies the allegations contained in plaintiff's petition," does not constitute a general denial, and being accompanied by the statement that this language is used because the plaintiff has not sufficient information to admit the allegations of the petition, and for the purpose of putting the plaintiff upon proof, the answer is clearly evasive, and not the full answer required by the statute. The trial court overruled the motion to open the judgment because the applicant "tenders no issue as against the plaintiff by the showing now on file," which is the true reason for overruling the motion, and the order of the trial court ought to be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the former judgment is adhered to.

AFFIRMED.

SULLIVAN, J., absent, not voting.