MADONNA McNALLY, APPELLEE, v. JANE McNALLY ET AL., APPELLANTS.

43 N. W. 2d 170

Filed June 23, 1950. No. 32772.

*John A. Menter, William L. Walker,* and *Earl Ludlam,* for appellants.

*Henry W. Curtis* and *Charles R. Shopp,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is a proceeding to set aside a judgment by default and confirmation of a sale in a partition action, and to be permitted to defend. The trial court denied the application. We affirm the judgment of the trial court.

The action was originally instituted in July 1939. Madonna McNally was plaintiff. Two sisters and two brothers and their wives, and the tenants on the land were named defendants.

The petition alleged that Jane McNally, one of the defendants, held the title to the real estate in trust for herself, the plaintiff, and the other defendants, not including the tenants. Plaintiff claimed title to an undivided one-fifth interest as a devisee of a brother of defendants. Plaintiff prayed for a decree that the title was held in trust by Jane McNally for the five named persons and for a partition.

Service was had by publication upon the defendants and answer day was fixed for September 11, 1939. Personal service was had on the tenants on June 15, 1940, and answer day set for July 15, 1940.

On February 18, 1941, default was entered against each of the defendants and decree taken. The court found that Jane McNally held the property in trust for plaintiff, herself, and the three other defendants, and partition was ordered. On the same day a referee was appointed, and he reported that the premises could not be properly divided, and that the land should be sold and the proceeds divided. On the same day his report was approved and the premises were ordered sold.

On January 8, 1942, the referee filed his bond. Notice of sale was published and the property was sold on February 9, 1942, to Frank T. Hartwell. On February 16, 1942, the sale was confirmed, the deed was ordered, and the proceeds of the sale were ordered distributed. This decree was filed March 2, 1942.

The action originally was instituted by Madonna McNally. She died January 6, 1942. The defendant Jane McNally died in 1949, and Catherine McNally, another defendant, died in 1945. In 1949 the action was revived as to these defendants in the names of their heirs. Finally, when the matter came to a hearing in August 1949, it was essentially a proceeding between the defendants (as revived) and the purchaser.

This proceeding is one to set aside the decree, the sale, and the order of sale under the provisions of sections 25-525 and 25-2001 (2), (4), (6), R. R. S. 1943, and the

equitable powers of the court, for three reasons: First, there was no actual notice to the defendants of the pendency of the action in time to come in and defend; second, the plaintiff died January 6, 1942, prior to the sale and confirmation; and, third, there was constructive fraud on the part of the plaintiff in failing to give personal notice to nonresident defendants and in failing to inform the court of the death of the plaintiff prior to confirmation. We determine these contentions in the order named.

The question as to failure to receive notice in time to appear and defend was presented by motion on April 27, 1942, by the defendants Jane McNally, William McNally, and Joseph McNally and his wife. It was presented by several subsequent pleadings.

The question presented is one of fact. It is the rule that under section 25-525, R. R. S. 1943, to entitle a party to open a judgment rendered against him upon service by publication, it must appear by a preponderance of the evidence that he had no actual notice of the pendency of the action in time to appear and make his defense. Stover v. Hough, 47 Neb. 789, 66 N. W. 825.

By affidavit dated December 22, 1942, Jane McNally swore that the first notice she had of the pendency of this action was on March 3, 1942, when she received the referee's check for her distributive share. By affidavit dated April 14, 1942, William McNally denied actual notice of the pendency of the action. Joseph McNally did so by affidavit dated April 15, 1942, and Jane McNally did so by affidavit dated April 21, 1942. These affidavits were prepared by an Illinois lawyer and sent to an attorney at Grant.

The tenant testified that he gave Jane McNally notice that the property had been sold, and that he had given her no notice prior thereto.

In 1945, defendants secured a continuance in order to take their own depositions. The depositions of the three defendants were taken in January 1946. From

those depositions and other evidence the following facts appear quite certain.

The plaintiff's attorney called upon Jane McNally in Chicago before this action was brought and, among other things, told her that this action was to be brought. Jane testified as to that conversation. She further testified that she learned from friends in Cleveland (the home of the plaintiff) of the action in 1938 or 1939, and that she then "consulted a lawyer for some time" but did nothing. Joseph testified that his sister told him of the conversation with plaintiff's attorney. William testified that he first learned about the action "4 or 5 or 6 years ago" in a letter from his sister. (As pointed out, this testimony by deposition, so far as we can determine from the record, was taken not later than January 29, 1946.)

William further testified that she wrote him they were going to try to "sell her place on her" and that she got that information from Perkins County, Nebraska.

Contrary to the tenant's testimony, Jane testified that the tenant wrote her that the property was advertised for sale; that she received that notice before the property was sold and consulted a lawyer who advised her that they could not sell her property; and that she had consulted an attorney before that time. She gave this letter from the tenant to her brother Joseph. Joseph testified that he knew in 1942 that the property was up for sale; that he got that information from his sister Jane; that that knowledge came to him before he received the referee's check for his distributive share; that the letters which he took to the lawyer informed his sister that the proceeding was pending in Perkins County; and that she tried several lawyers who did not "do much." William testified that he had that knowledge before he got the referee's check for his distributive share.

So it appears from their own testimony that these moving defendants had knowledge of the pendency of this action both prior to the decree and prior to the order

of confirmation. Not only have they not sustained their burden of proof, but they have disproved their own contentions. The finding of the trial court on this phase of the case is patently correct.

The second contention is that the motion should be granted because of the death of the plaintiff prior to the date of sale and the confirmation.

The record shows that plaintiff died January 6, 1942. The first knowledge the plaintiff's resident attorney had of the death came to him in November 1942. A suggestion of death was filed February 15, 1943. A certificate of death was filed March 11, 1946, together with a motion by defendants for leave to amend so as to allege plaintiff's death as an additional reason for granting the motion to set aside the judgment and confirmation decree. It was presented by motion filed October 1, 1946. The motion to amend was granted October 21, 1946, and an amended motion was filed December 4, 1946.

Section 25-2001, R. R. S. 1943, provides that a district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made "for the death of one of the parties before the judgment in the action." Section 25-2008, R. R. S. 1943, provides that proceedings to vacate or modify a judgment or order for the reason above stated must be commenced within three years after the defendant has notice of the judgment. Clearly these defendants had notice of the judgment prior to April 27, 1942, the date when they filed their first motion to vacate and set aside. They first undertook to raise this issue in this case on March 11, 1946. More than three years having elapsed, relief on that ground must be denied.

The third contention is that there was constructive fraud on the part of plaintiff and her attorneys in failing to give personal notice to those defendants whose addresses they knew, and in failing to advise the court of the death of plaintiff before confirmation.

Section 25-2001, R. R. S. 1943, provides that a district

court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made "for fraud practiced by the successful party in obtaining the judgment or order." Section 25-2008, R. R. S. 1943, provides that proceedings for that cause must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant or person of unsound mind, and then within two years after removal of such disability. The first mention of this contention that we find in the record is in a reply to the answer of the purchaser filed on June 17, 1949, and in an amended answer and application filed on August 12, 1949. Clearly the statute does not authorize relief on the ground so dilatorily advanced. In addition to that, it should be said that there is neither fact nor suggestion of fact in this record to sustain the contention. It has no merit.

Defendants also contend that they are entitled to equitable relief independent of the statutory provisions. We have recently restated the applicable rule: " 'While in a proper case an action in equity to vacate a judgment and obtain a new trial will lie, such relief will not be granted when there is an adequate remedy at law. * * * To be entitled to equitable relief in such a case, the litigant must show that, without fault or laches on his part, he was prevented from proceeding under section 25-2001, R. S. Supp., 1947.' " Nemetz v. Nemetz, *ante* p. 178, 40 N. W. 2d 685. No such showing is made. The facts in the record negative it.

The judgment of the trial court is affirmed.

AFFIRMED.