LYLE WITTWER ET AL., APPELLEES, V. CETHA FLOY DOR-
LAND, DECEASED, BY HOME STATE BANK AND TRUST COM-
PANY, EXECUTOR OF THE ESTATE OF CETHA FLOY DORLAND,
DECEASED, APPELLANT, IMPLEADED WITH WARREN BRUCE
DORLAND, APPELLEE, IMPLEADED WITH LEONA M.
DORLAND, ALSO KNOWN AS LEONA M. MURPHY, ET AL.,
APPELLANTS, IMPLEADED WITH PHOENIX MUTUAL LIFE
INSURANCE COMPANY, A CONNECTICUT CORPORATION,
ET AL., APPELLEES.

253 N. W. 2d 26

Filed April 20, 1977.  No. 40952.

McGrath, North, O'Malley, Kratz, Dwyer, O'Leary
and Martin, Koutouc, Koutouc & Fankhauser, and
Loren Joe Stehlik, for appellant.

Virgil R. Demerath, John C. Mitchell, and Thomas
J. Gist, for appellee Dorland.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. J.

On October 24, 1973, Lyle and Mae Wittwer filed a petition in the District Court for Richardson County, Nebraska, to foreclose a mortgage on approximately 900 acres of land located in Richardson County. Named among the defendants were Cetha Floy Dorland and her son, Warren Bruce Dorland, appellee in this case. The Wittwers' petition made reference to a deed being held in escrow at the Farmers State Bank in Sabetha, Kansas, which purported to transfer the real estate, which was the subject of the foreclosure action, to the appellee upon the death of Cetha Floy Dorland.

In her answer to the Wittwers' petition, Cetha Floy Dorland disputed the validity of the deed being held in escrow, alleging that there was no consideration or delivery; that she never intended to pass a present interest; that the deed was intended to have no effect until her death; and that the deed was therefore invalid, void, and of no effect.

At the time of this foreclosure action, the whereabouts of the appellee were unknown. Service by publication as to him was requested and granted. On July 2, 1974, on its own motion, the District Court appointed a guardian ad litem to protect the interests of appellee in the foreclosure action.

On August 23, 1974, Cetha Floy Dorland was killed in an automobile accident. Subsequently the suit was revived in the name of the executor of her estate. On January 7, 1975, the appellee's guardian ad litem filed an answer to the Wittwers' petition, on behalf of the appellee, alleging that the deed referred to in the Wittwers' petition was valid and that title to the subject real estate was in the appellee; and asking for the court to vest title to all remaining land in Warren Bruce Dorland.

Trial was held on January 13, 1975. On January

16, 1975, the District Court entered a decree of foreclosure, granting the foreclosure requested by the Wittwers. Additionally, in its decree, the District Court found that there was no delivery of the 1960 warranty deed being held in escrow in the Farmers State Bank in Sabetha, Kansas; that Cetha Floy Dorland did not intend the deed to operate as a muniment or title, or that she intended to relinquish all dominion, control, and authority over the real estate described in the warranty deed; and that the deed was therefore void. The court further found that the purported conveyance was testamentary in character, without consideration, and not executed in accordance with the laws of the State of Nebraska, and that the appellee acquired no interest in the real estate by reason of this purported conveyance.

Thereafter, the executor of the estate of Cetha Floy Dorland entered into a contract for the sale of the subject real estate to a third party.

At the time the foreclosure action was filed and during the pendency thereof, no one had seen or heard from, or knew the whereabouts of, the appellee. Thereafter the appellee reappeared and sought to have the foreclosure decree opened up. On March 11, 1976, more than a year after the foreclosure decree, he filed a petition in the District Court for a new trial.

The matter of the appellee's right to a new trial was tried on June 10, 1976. Following a motion for a directed verdict, the District Court denied the appellee's petition to vacate, modify, or set aside the prior foreclosure judgment. On June 23, 1976, the District Court filed its journal entry, which was in accord with the judgment entered on June 10, 1976, in that appellee's motion was denied, but which contained the following language which has led to this appeal: "The court further finds that the other matters raised by Warren Bruce Dorland in his motion for a new trial are not applicable to this case and do not come

within the terms of Nebraska Statute 25-2001 because the question of the title or ownership of the land at the time of the foreclosure action as between the defendants, was not put in issue or presented by Plaintiff's Petition or other pleadings, and the Court had no jurisdiction to find or determine that issue in this mortgage foreclosure case."

We reverse the judgment and remand the cause to the District Court for further proceedings in accordance with this opinion.

The appellant contends that the District Court erred in modifying the foreclosure decree by holding that it had no jurisdiction in the foreclosure action to determine the issue of title as between Cetha Floy Dorland and Warren Bruce Dorland at the time of the mortgage foreclosure.

"A foreclosure action is not a suit to quiet title but for the purpose of determining the existence of a mortgage lien, to ascertain the amount thereof and its priority, and to obtain a decree directing the sale of the premises in satisfaction thereof in case no redemption is made * * *." Lincoln Joint Stock Land Bank v. Barnes, 143 Neb. 58, 8 N. W. 2d 545 (1943), cert. den. 320 U. S. 781, 64 S. Ct. 259, 88 L. Ed. 469. However, where title has been made an issue by the parties to the foreclosure action, the court may properly consider and decide that issue. Shellenbarger v. Biser, 5 Neb. 195 (1876); Lounsbury v. Catron, 8 Neb. 469, 1 N. W. 447 (1879).

In their petition the Wittwers raised the issue of title to the mortgaged property. In her answer Cetha Floy Dorland disputed the validity of the deed referred to in the Wittwers' petition and alleged that title to the mortgaged land was in her. Pursuant to its general equity powers, the District Court appointed a guardian ad litem to protect the interests of the appellee, whose whereabouts were then unknown. See 27 Am. Jur. 2d, Equity, § 69, p. 592. In his answer filed on behalf of the appellee, the guard-

ian alleged that the deed was valid and that, by virtue of its terms and the death of Cetha Floy Dorland, title to the remaining real estate should be vested in the appellee.

The question of title to the mortgaged property was before the District Court, having been put into issue by the pleadings of the parties to the foreclosure action, and the District Court acted properly in deciding this issue. Once a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes and proceed to a determination of all the matters put in issue by the pleadings, and thus avoid unnecessary litigation. Dixon v. O'Connor, 180 Neb. 427, 143 N. W. 2d 364 (1966); Miller v. Knight, 146 Neb. 207, 19 N. W. 2d 153 (1945). The District Court has jurisdiction to determine the title to real estate in the State of Nebraska. The finding by the District Court in its journal entry of June 23, 1976, that it had no jurisdiction to decide the issue of title to the mortgaged property in the earlier foreclosure action was error.

The appellee sought to open up the foreclosure judgment pursuant to the provisions of section 25-2001, R. R. S. 1943, and section 25-525, R. R. S. 1943. The District Court denied the appellee's motion for a new trial. In his brief and on oral argument, the appellee contends that this was error.

Section 25-2001, R. R. S. 1943, as is relevent here, provides: "A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made. * * * (2) by a new trial granted in proceedings against defendants constructively summoned as provided in section 25-517."

Section 25-525, R. R. S. 1943, provides that a party against whom a judgment or order has been rendered without other services than by publication, may, within 5 years after the date of judgment or order, have the judgment or order opened up and be

let in to defend. The person seeking to open up the judgment must give notice to the adverse party, file a full answer, pay all costs if the court so requires, and make it appear to the satisfaction of the court that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense.

A party seeking to open up a judgment under section 25-525, R. R. S. 1943, must show by a preponderance of the evidence that he had no actual notice of the pendency of the action in time to appear and make his defense. McNally v. McNally, 152 Neb. 845, 43 N. W. 2d 170 (1950). One seeking to open up a judgment under this section must file a meritorious answer. Oaks v. Ziemer, 62 Neb. 603, 87 N. W. 350 (1901); Waters v. Raker, 1 Neb. (Unoff.) 830, 96 N. W. 78 (1901). The opening up of a judgment, upon complying with this statute, is a matter of right. Brown v. Conger, 10 Neb. 236, 4 N. W. 1009 (1880).

The appellant points out that, while the appellee argues in his brief and on oral argument that the denial of his motion for a new trial was error, the appellee failed to file a cross-claim contesting the denial of his motion for a new trial. The appellant argues that we are thus without power to review the denial of the appellee's motion for a new trial.

It is true that we have a procedural rule that an appellee may not question a portion of a judgment at issue on appeal in the absence of his having properly filed a cross-appeal. See, e.g., Edquist v. Commercial Sav. & Loan Assn., 191 Neb. 618, 217 N. W. 2d 82 (1974); Pavel v. Hughes Brothers, Inc., 167 Neb. 727, 94 N. W. 2d 492 (1959); Rules 1 d, 8 b 3, Revised Rules of the Supreme Court, 1974. However, this court reserves the right to note and correct plain error which appears on the face of the record in furtherance of the interests of substantial justice. Rule 8 a 2(3) specifically provides that the court may, at its option, notice a plain error not assigned. In

Schmidt v. Richman Gordman, Inc., 191 Neb. 345, 215 N. W. 2d 105 (1974), we recently held that this court may, at its option, consider a plain error not specified in appellant's brief. See, also, § 25-1919, R. R. S. 1943; Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217 (1957); Adams v. Nebraska Savings & Exchange Bank, 56 Neb. 121, 76 N. W. 421 (1898); 4A C. J. S., Appeal and Error, § 1154, pp. 1240 to 1244.

The appellee clearly met all the statutory requirements to entitle him to open up, as a matter of right, the foreclosure judgment. Brown v. Conger, *supra*. The appellee brought his action within 5 years of the date of the foreclosure judgment. Service on him in that action was obtained by publication. The appellee testified, without contradiction, that he had no knowledge of any kind concerning the foreclosure action until May 1975. His tendered defense was meritorious on its face. It was plain error to deny his motion to open up the foreclosure judgment.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.

All costs are taxed to the appellant Home State Bank and Trust Company because the relief ordered by this court is a reversal of a judgment against the appellee Warren Bruce Dorland on a motion for a new trial in the trial court.

REVERSED AND REMANDED.

CLINTON, J., concurring in result.

I concur in the result. The trial court should have set aside its judgment determining the status of the deed to Warren Bruce Dorland. The only service on Dorland was constructive notice of a mortgage foreclosure. The court had no jurisdiction to try issues of which Dorland had no constructive notice. The guardian ad litem had no power or authority to expand the issues by joining issue with Cetha Floy Dorland when she sought to expand the issues in her answer. Walker v. Sanchez, 13 La. An. Rep. 505;

Waterman v. Lawrence, 19 Cal. 210, 79 Am. Dec. 212.
SPENCER, J., joins in this concurrence.