In re CASSIDY LAND & CATTLE CO., INC., Debtor.

Robert F. CRAIG, Trustee of Cassidy Land & Cattle Co., Inc., Plaintiff,

v.

McCARTY RANCH TRUST, et al., Defendants.

Bankruptcy No. BK 82–1257.
No. CV 86–0–704.

United States District Court,
D. Nebraska.

Jan. 30, 1987.

See also, Bkrtcy., 62 B.R. 93.

Kennedy, Holland Law Firm, Stuart Paulson, Omaha, Neb., for plaintiff.

D. Lynda Taylor Logemann, Trustee for McCarty Ranch Trust.

William J. Rieb, Sioux City, Iowa, for defendants.

## ORDER

BEAM, Chief Judge.

This matter is before the Court on appeal from an order of the Bankruptcy Court for the District of Nebraska entered August 8, 1986, denying Linda Logemann, trustee of the defendant McCarty Ranch Trust's motion for relief from judgment. Upon full review of the record and the materials submitted by the parties, the Court finds that the decision of the Bankruptcy Court should be affirmed.

## BACKGROUND

This action arises out of an adversary proceeding brought by Robert F. Craig, as trustee of the debtor Cassidy Land & Cattle Co., Inc., seeking foreclosure of certain mortgages executed in favor of Cassidy by the defendants. The Bankruptcy Court granted Craig's motion for summary judgment on March 12, 1985, and Craig proceeded with execution on his judgment of foreclosure. The appellant, trustee for the defendant McCarty Ranch Trust, then filed a motion for relief from judgment, claiming that the Bankruptcy Court was without jurisdiction to conduct foreclosure proceedings pursuant to state law. The plaintiff had meanwhile sold the property at a public sale and filed a motion for confirmation of the sale. Following separate hearings, the Bankruptcy Court entered orders confirming the sale and denying defendant's motion for relief from judgment. This appeal followed.

## DISCUSSION

Appellant relies on the United States Supreme Court's decision in *Northern Pipeline Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) for the proposition that the Bankruptcy Court did not have jurisdiction to conduct the mortgage foreclosure proceedings at issue. *Marathon* involved the extent to which Article III of the United States Constitution limits the jurisdictional powers of the United States Bankruptcy Courts. In regard to the constitutional ability of an adjunct Bankruptcy Court to determine state law issues, a divided Supreme Court was "unable to agree on the precise scope and nature of Article III's limitations. The Court's holding in [Marathon] establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 3335, 87 L.Ed.2d 409, *citing Marathon*, 458 U.S. at 84, 102 S.Ct. at 2878. *Marathon* did not "implicate the jurisdiction of the Bankruptcy Courts in other matters within the 'traditional' bankruptcy jurisdiction." *In re Kaiser*, 722 F.2d 1574, 1580 (2d Cir.1983). Chief Justice Burger explained the limitations of the *Marathon* plurality:

> I write separately to emphasize that, notwithstanding the plurality opinion, the Court does *not* hold today that Congress' broad grant of jurisdiction to the new bankruptcy courts is generally inconsistent with Article III.... Rather, the Court's holding is limited to the proposition stated by Justice Rehnquist in his concurrence in the judgment—that a 'traditional' state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent consent of the litigants, be heard by an 'Article III court'

if it is to be heard by any court or agency of the United States.

*Marathon,* 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting).

■ In arguing that *Marathon* precludes the Bankruptcy Court from conducting a foreclosure, it may be that the appellant fails to recognize a basic characteristic of a mortgage foreclosure proceeding. A mortgage foreclosure action is by nature an *equitable* proceeding, subject to the general equity jurisdiction of the federal courts, following principles and rules of practice established by courts of equity in the exercise of their general jurisdiction. *See, e.g., Tilden v. Beckmann,* 203 Neb. 293, 278 N.W.2d 581 (1979); *Wittwer v. Dorland,* 198 Neb. 361, 253 N.W.2d 26 (1977); *Lincoln Joint Stock Land Bank v. Barnes,* 143 Neb. 58, 8 N.W.2d 545 (1943). While this Court does not here find that every proceeding in equity is outside the *Marathon* holding, *Marathon* does not effect the Bankruptcy Court's power to exercise jurisdiction over "core proceedings," especially those proceedings which are equitable in nature.

> Cases that can be properly characterized as 'core proceedings' are those which are considered equitable in nature and for which traditionally no right to a jury trial exists. [citations omitted.] Bankruptcy judges are free to hear and finally determine such cases because they are in the nature of an equitable proceeding.

*Cameron v. Anderson,* 50 B.R. 175, 180 (Bankr.N.D.1985).

■ Further, any determination that a proceeding is or is not a core proceeding is not to be "made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). The foreclosure of mortgages held by the debtor involves questions which not only concern the administration of the estate and the liquidation of its assets, but the determination of the extent and validity of certain liens.

*Shell Materials, Inc. v. First Bank of Pinellas County,* 50 B.R. 44, 46 (Bankr.M.D. Fla.1985). Such foreclosures, initiated by the trustee to recover property for the bankruptcy estate, can hardly be regarded as being "related only peripherally" to the adjudication of the bankruptcy. As such, the Court finds these proceedings to be core proceedings, directly related to the adjudication of the bankruptcy and equitable in nature, fully within the jurisdiction of the Bankruptcy Court. The Bankruptcy Court, therefore, properly held that, regardless of *Marathon,* it has jurisdiction regarding equitable actions to aid the trustee in gathering assets and determining the extent and priority of liens. The Bankruptcy Court correctly denied appellant's motion for relief from judgment.

■ The appellant additionally argues that the Bankruptcy Court was without jurisdiction to appoint a receiver in this case.[1] Appellant relies on 11 U.S.C. § 105(b) which prohibits the Bankruptcy Court from appointing a receiver "in a case under this title." *Id.* Section 105(b) is not applicable to these facts. A receiver was not appointed in the "case" below, but in an adversary proceeding brought by the trustee to foreclose a mortgage. A bankruptcy case and a bankruptcy proceeding are separate and distinct, and while a receiver may not be appointed in lieu of a trustee for the estate, one certainly may be appointed pursuant to applicable state law in an adversary proceeding. *In re Memorial Estates, Inc.,* 797 F.2d 516, 520 (7th Cir.1986). The Bankruptcy Court's appointment of a receiver here was within its jurisdiction and proper under the circumstances.

Accordingly,

IT IS ORDERED that the decision of the Bankruptcy Court should be and hereby is affirmed.

---

1. This issue was raised below only during oral argument on the trustee's motion for confirmation of sale. While the Court finds it doubtful that the issue was properly preserved for appeal in connection with the motion for relief from judgment, the issue can and will be easily disposed of on the merits.