Macke v. Jungels.

---

HENRY MACKE, APPELLEE, v. JOHN W. JUNGELS; MARY WAGENER, APPELLANT.

FILED JANUARY 21, 1918. No. 19722.

1. **Notes:** CONSIDERATION: SLANDER. Language, if used attributing to another an uncontrollable sexual desire that caused her to commit an unmannerly and unwomanly act, is slanderous, and a note freely given in settlement of a claim for damages to her reputation resulting from such slander is not without consideration.

2. ———: UNDUE INFLUENCE: RELIEF IN EQUITY. Where coercion is not sufficient to amount to duress, but a social or domestic force is exerted on a party, which controls the free action of his will and prevents voluntary action in the giving of a note and mortgage, equity may relieve against the same on the ground of undue influence. *Munson v. Carter*, 19 Neb. 293.

3. ———: INJUNCTION: LIMITATION OF ACTIONS: ACTION FOR DAMAGES. A note, given in settlement of a claim of damages for tort, is *held* void because procured by undue influence exerted by others than the payee thereof. In this, a suit seeking to enjoin the collection of the note because procured by undue influence, the payee defended in good faith, believing that undue influence had not been exerted. *Held*, that the payee should in an action in equity be permitted to prosecute her claim of damages for tort, and that the statute of limitations does not run during the period covering the pendency of said action.

Appeal from the district court for Boone county: FREDERICK W. BUTTON, JUDGE. *Modified and affirmed, and remanded.*

*Dowling & Warner* and *Vail & Flory,* for appellant.

*Benjamin S. Baker, W. R. Patrick* and *A. E. Garten,* contra.

CORNISH, J.

This is an action in equity in which the plaintiff asked that the defendant be enjoined from collecting or transferring certain notes and mortgages given by plaintiff and his wife to defendant, in settlement of a claim for damages, on the ground that they were without consideration and obtained by duress and by undue influence and fraud. The trial court found that the notes were without consideration, canceled the instruments, and granted a perpetual injunction. Defendant appeals.

The controversy arose out of an occurrence at a church meeting, in which the plaintiff used language toward the defendant which she contended was slanderous and damaging.

We are unable to agree with the trial court that the incident was of such trifling nature that the court can say, as a matter of law, that the words used were not slanderous, nor sufficient to base a claim for damages. What they were is in dispute. As interpreted from the German by some of the witnesses, they amounted to an accusation that defendant had an uncontrollable, sexual desire, causing her to do an unmannerly and unwomanly act in forcing her way to a seat supposed to be occupied only by men.

We are of opinion, however, that, taking all the facts and circumstances into consideration, coercion was exercised upon the plaintiff by persons connected with the church, other than defendant, to procure him to give the notes and mortgage in satisfaction of the demand, which, while not amounting to duress, did amount to a social and mental force exerted upon him, controlling the free action of his will, and preventing that voluntary action in the giving of the notes which equity will relieve against on the ground of undue influence. *Hartnett v. Hartnett,* 42 Neb. 23. The

notes should be canceled and the plaintiff released from all liability thereon.

The event occurred March 31, 1915. This action, enjoining the defendant from bringing suit on the note, was begun April 14, 1915. It would be inequitable that defendant's claim for damages should be lost by running of the statute of limitations during the time this action has been pending. The nature and extent of her claim have depended upon the results of this litigation. During its pendency she has not been free to otherwise prosecute it. While in this action she has defended upon the ground that undue influence was not exerted, she appears to have prosecuted her defense in good faith. Her situation may be likened to that of the person who has by mistake altered an instrument and yet may recover upon it. The principle is recognized in the rule that, because there may be a good-faith dispute whether an instrument was procured by fraud of duress, the party intending to rescind must do so within a reasonable time, if at all.

The defendant, so electing, should in equity be permitted to plead, setting up her alleged cause of action against the plaintiff, and, upon issues being joined, the cause tried as a law action for damages. *First Nat. Bank* v. *Gibson,* 74 Neb. 236.

The judgment of the district court is modified and affirmed, and the cause remanded for further proceedings, as herein indicated.

MODIFIED AND AFFIRMED, AND REMANDED.

ROSE, J., dissents.

LETTON, J., concurs in affirmance, and dissents from modification of decree.

I concur in the affirmance, but dissent from the modification of the decree. The result of the modification is to hold that one who ratifies an illegal act by seeking to sustain in court the validity of notes improperly extorted by duress may, even after the statute of limitations has run by reason of the delay caus-

ed by the suit, recover upon the original cause of action, if any. It gives one who ratifies the act of a wrongdoer the option to sue upon the notes, and, if unsuccessful, to retrace his steps and begin again after the statute has run.

MORRISSEY, C. J., concurs in this special concurrence and dissent.