PERRY C. GAINES, APPELLANT, V. STEPHEN K. WARRICK, APPELLEE.

FILED MARCH 6, 1925.    No. 24404.

1. **Special Appearance.** A special appearance is in the nature of a plea in abatement, and is governed by the same rules.
2. **Abatement:** SPECIAL APPEARANCE. If the lack of jurisdiction over the person of defendant does or does not appear on the face of the record, it may be raised by special appearance, and error, if any, committed in the overruling thereof is not waived by answering over, where the objection is pleaded in the answer. All holdings of this court to the contrary overruled.
3. **Appeal:** REVIEW. Alleged errors which are predicated upon evidence at the trial will not be considered, unless such evidence is preserved in a bill of exceptions, and in the absence of such bill of exceptions this court will only determine whether the pleading sustains the judgment rendered thereon.

APPEAL from the district court for Lancaster county: JEFFERSON H. BROADY, JUDGE. *Affirmed.*

*Reavis & Beghtol,* for appellant.

*Hainer & Flansburg, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

THOMPSON, J.

This action was begun in the district court for Lancaster county by plaintiff, Perry C. Gaines, against defendants, Stephen K. Warrick, Frank H. Koenig, and Joseph A. Rymer. Warrick and Koenig, residents of Scotts Bluff county, were served there, and Rymer, a resident of Lancaster county, was served in such county. Warrick interposed a special appearance objecting to the jurisdiction of the court over his person, which reads as follows:

"Comes now the defendant, Stephen K. Warrick, and appearing specially and for the sole purpose of objecting to the jurisdiction of the court over his person says that the court is without jurisdiction over the person of the defendant Stephen K. Warrick for the reason:

"That said Stephen K. Warrick is a nonresident of Lancaster county and is a resident of Scotts Bluff county, and that the summons in this case was served upon said defendant and upon Frank H. Koenig in Scotts Bluff county; that the cause of action set forth in the plaintiff's petition does not exist nor have any basis in fact against the said Frank H. Koenig or Joseph A. Rymer, and that Joseph A. Rymer is made a party to the suit for the sole purpose of alleging a cause of action against him so that suit could be brought in Lancaster county and service sent out of the county for the defendant Stephen K. Warrick.

"That the joinder of Joseph A. Rymer with said Stephen K. Warrick in said suit is an improper joinder of defendants.

"That said Joseph A. Rymer is not made a party defendant in good faith, but is named as a party defendant solely for the purpose of service, and that said Joseph A. Rymer and Frank H. Koenig cannot be held nor connected with the cause of action set forth in the plaintiff's petition."

Such special appearance and objection is in the nature of a plea in abatement, and is governed by the same rules. *Guthman v. Guthman,* 18 Neb. 98; 1 C. J. 32, sec. 17.

Plaintiff filed no answer or other pleading to the allegations contained in this special appearance. The special

Gaines v. Warrick.

appearance was sustained and the cause dismissed as to Warrick. Plaintiff seeks a reversal in this court.

A bill of exceptions has not been preserved and presented to us. In *Gretch v. Maxfield,* 4 Neb. (Unof.) 256, we held: "Affidavits filed in support of objections to jurisdiction over the person, to be available in proceedings in error, must be preserved by bill of exceptions." *Edwards v. Kearney,* 14 Neb. 83; *Loar v. State,* 76 Neb. 148. This rule applies as well to an appeal.

It has been the rule of this court from the beginning that when a lack of jurisdiction over the person or the subject-matter appears on the face of the record, and objection is interposed by special appearance on the part of defendant, and a hearing is had thereon, and such objection is overruled, defendant waived such error, if any, by answering over, even if such objection to jurisdiction is carried into the answer, but that, if such want of jurisdiction did not appear on the face of the record, then the plea interposed and overruled could be carried into the answer, and the error, if any, committed in overruling it was not waived by filing an answer.

These divergent rules have given rise to doubt, confusion, and uncertainty of application, and have not been, and are not now, serving a useful purpose. If the reason ever existed for their dual observance, it is no longer appealing. If the lack of jurisdiction over the person of defendant does or does not appear on the face of the record, it may be raised by special appearance, and error, if any, committed in the overruling thereof is not waived by answering over, where the objection is pleaded in the answer. All holdings of this court to the contrary overruled.

Then, since the facts set out in the special appearance were not controverted by plaintiff, they stand admitted. A careful consideration of the facts so set out convinces us that they are sufficient to support the judgment of the trial court in sustaining the special appearance and dismissing the case as to defendant Warrick.

The judgment of the district court should be, and hereby is,

AFFIRMED.