TROYER FURNITURE COMPANY ET AL., APPELLANTS, V. ORCHARD & WILHELM COMPANY ET AL., APPELLEES.

FILED MAY 29, 1931. No. 27613.

*Harry R. Ankeny* and *James E. Bednar,* for appellants.

*Crossman, Munger & Barton* and *Mockett & Finkelstein,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This, an action at law, was commenced by appellants, as plaintiffs in the district court for Lancaster county, against the defendants (appellees herein) to recover damages suffered by reason of the fact that, as alleged in the petition, "the defendants and each of them, acting wilfully, intentionally, purposely, maliciously," with a wilful disregard of plaintiffs' rights and without probable cause, caused to be filed, and filed, an involuntary petition in bankruptcy (in a court of competent jurisdiction), thereby causing plaintiffs to suffer in loss and damage in the amount alleged.

Summons was issued and served on the defendants named, but these defendants (excepting defendant Finkelstein) each challenged the sufficiency of such service by special appearances, which after hearing the trial court sustained. The plaintiffs "electing to stand upon their petition, the service had, and the record made in the case," the district court thereupon dismissed the action.

The plaintiffs seek a reversal in this court. The transcript discloses that the case was tried in the district court on affidavits presented on behalf of all parties to the record. No motion for new trial was filed, and a bill of ex-

ceptions has not been preserved and presented to us. Affidavits filed in support of objections to jurisdiction over the person to be available in proceedings in error must be preserved by bills of exceptions. *Gretch v. Maxfield,* 4 Neb. (Unof.) 256; *Edwards v. Kearney,* 14 Neb. 83; *Gaines v. Warrick,* 113 Neb. 235. In the absence of a bill of exceptions, the only question presented by the record is the sufficiency of the several appearances, considered as pleadings, to support the judgment of the trial court. For the purpose of this examination, it will be presumed that the statements and allegations contained in such appearances were at the hearing properly supported by ample competent evidence. On this basis, as to the defendants Orchard & Wilhelm Company, Don Lee Furniture Company, Chittenden & Eastman Furniture Company, Henry L. Nestor, William A. Brown, and Paul W. Cummings, the record before us discloses that no error was committed by the trial court, and its action in dismissing the proceedings against them and each of them must be affirmed.

As to the defendant Louis B. Finkelstein, however, it appears that on November 25, 1929, he filed in his own behalf a motion "to dismiss the petition of plaintiffs filed herein for the reason that the plaintiffs are nonresidents of Lancaster county." The transcript, however, fails to show that this motion was ever acted upon by the trial court. This motion must, however, be considered a general appearance which the district court was thereafter without power to treat as a challenge to its jurisdiction by Finkelstein as by the special appearance filed in his behalf. *Cropsey v. Wiggenhorn,* 3 Neb. 108; *Healy v. Aultman & Co.,* 6 Neb. 349; *McKillip v. Harvey,* 80 Neb. 264, 266.

As to whether the district court by its dismissal entered on the 18th day of June, 1930, actually dismissed this action as to Finkelstein, the transcript is not entirely clear. On the assumption that such was the effect of the final order entered on that date, so much of that order as dis-

misses said action as to defendant Finkelstein is reversed, and the cause is remanded for further proceedings in harmony with this opinion. As to the other defendants the judgment of the district court is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.