JOHN F. WHEELER ET AL., APPELLEES, V. EDWARD V. BOILER ET AL., APPELLANTS.

FILED NOVEMBER 8, 1935. No. 29344.

*Fred W. Anheuser*, for appellants.

*Dorsey, Baldrige & Chew, Edward Sklenicka* and *Ellery H. Westerfield, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Defendants appeal from the order of the district court

refusing to allow a moratorium stay and striking from the files the written request for stay, under House Roll No. 600, chapter 65, Laws of Nebraska 1933 (Comp. St. Supp. 1933, sec. 20-21,159).

Appellants brought up only the transcript. There is no bill of exceptions.

The petition attaches a copy of the contract. From it we learn that on November 5, 1930, defendants agreed to buy, and plaintiffs agreed to sell and convey when the purchase price of $8,250 was paid, certain described lots. $2,000 was paid down and defendants agreed to pay $500 on or before January 1, 1932, and each January 1st thereafter, to pay interest at 6 per cent. semiannually each May 5 and November 5, beginning in 1931, and to pay all taxes, after the county taxes of 1930, when due. The contract provided for forfeiture of all amounts paid and for termination of the right of possession upon failure of the purchasers to keep their part of the agreement.

The petition, filed February 25, 1933, alleged failure to pay anything due on the contract after the payment of the $500 due January 1, 1932, alleged failure to pay any interest after May 5, 1932, alleged failure to pay the 1932 city taxes which became delinquent July 1, 1932, as well as certain instalments of special taxes. Plaintiffs prayed strict foreclosure and a decree for possession and for a writ of assistance.

Defendants did not answer but defaulted. The decree entered May 17, 1933, found due plaintiffs from defendants $6,114.37, with interest at 6 per cent.; found plaintiffs entitled to a decree of strict foreclosure; ordered defendants to pay said sum on or before February 16, 1934, and decreed that if defendants failed to pay said sum, with interest and costs, they would be forever barred from all interest in the property and should be removed by the sheriff.

May 26, 1933, defendants filed a written request for nine-months' stay (which was evidently respected); and on March 13, 1934, defendant Edward V. Boiler filed a re-

quest for a stay under the 1933 moratorium. On April 27, 1934, the court sustained the motion of plaintiffs to strike the last named stay and defendants appealed.

Section 1 of House Roll No. 600, chapter 65, Laws 1933 (Comp. St. Supp. 1933, sec. 20-21,159), requires the moratorium to be allowed in foreclosures of land contracts "unless upon hearing on said application, good cause is shown to the contrary." No bill of exceptions having been brought up, we cannot discover what transpired on the hearing of the application for the moratorium.

In the absence of a bill of exceptions, this court will determine only whether the pleadings sustain the judgment rendered thereon. *Troyer Furniture Co. v. Orchard & Wilhelm Co.*, 121 Neb. 301; *Gaines v. Warrick*, 113 Neb. 235.

The pleadings and transcript sustain the judgment of the district court. It is

AFFIRMED.

CARTER, J., dissenting.

This action involves the foreclosure of a contract to purchase real estate. The appellants filed an application for a moratory stay under the provisions of section 20-21,159, Comp. St. Supp. 1933. Appellees filed a motion to strike the application for the reason that the foreclosure was fully terminated at the time it was filed and that it was therefore filed too late. After arguments were heard, the trial court sustained the motion to strike the application and denied the stay. From this order appellants prosecuted the appeal now before the court. The record conclusively shows that the trial court decided the issue below on the motion to strike the application. I do not know of any procedure that requires the filing of a bill of exceptions in this court to secure a review of such an order. The matter having been determined below on a motion to strike the application from the files, there is no evidence to incorporate into a bill of exceptions. Neither does the transcript filed in this court show or infer that there was any evidence taken. In my judgment the majority opinion

decides the appeal on a point foreign to this case. The appeal should be decided on the point of law that was before the district court. I therefore dissent.