## WOODS BROS. REALTY CO. v. MUTUAL BENEFIT LIFE INS. CO.
### No. 10361.

Circuit Court of Appeals, Eighth Circuit.
Feb. 11, 1936.

Philip M. Aitken, of Lincoln, Neb. (Thomas C. Woods, William I. Aitken, and Linn K. Twinem, all of Lincoln, Neb., on the brief), for appellant.

Don W. Stewart, of Lincoln, Neb. (A. A. Whitworth, Charles B. Paine, Perry W. Morton, and Stewart, Stewart & Whitworth, all of Lincoln, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

On appeal of Woods Brothers Realty Company from an order denying additional time to redeem lands conveyed by warranty deed in 1933.

In 1927, the Woods Brothers Realty Company acquired tracts of land and assumed to pay existing mortgages thereon running to the Mutual Benefit Life Insurance Company. Payments were in default in January, 1933, and the Woods Brothers Company, to avoid foreclosure, conveyed the lands to the insurance company by warranty deeds containing recitals that acceptance of the deeds should constitute a release of the personal liability of Woods Brothers Company for the payment of the indebtedness. The insurance company went into possession of the lands under the deeds, and has since had the rents and profits to its use.

At about the date of the warranty deeds, a written agreement was entered into by the terms of which the insurance company gave Woods Brothers an option to purchase the lands on or before March 1, 1934, at prices and upon terms specified. The option was not exercised within the period, and no part of the debt to the insurance company, principal or interest, has ever been paid or tendered by the Woods Brothers Company. But, on March 21, 1934, the Woods Brothers Company brought this suit against the insurance company praying, among other things, that an accounting be taken of the amount due the insurance company, and that "upon the payment by plaintiff of the net amount so found due within a reasonable time from the date of the decree, said defendant be required to reconvey said premises to the plaintiff. * * *"

Issues were joined in the suit and after trial a final decree was rendered November 2, 1934, by the terms of which it was ordered, among other things, that if the Woods Brothers "shall by February 1, 1935, pay to the Clerk of this Court for the benefit of the defendant" certain specified sums of money "and shall file a bond * * * to pay any further balance due as may be found by the court * * * then the defendant shall reconvey [the lands in controversy] to the plaintiff." "But if the plaintiff shall fail to make such payment into court * * * and shall fail to file said approved bond by February 1, 1935, then, without any further order of the court, the title to said land shall be vested in the defendant from and after February 1, 1935, and the plaintiff shall be forever foreclosed and barred of all right, title, interest, estate and equity of redemption in and to said land."

The Woods Brothers Company took no appeal from the decree and made no payment into court and gave no bond within

the time limited, February 1, 1935, but on January 9, 1935, it filed in the cause a "Motion for application of the Moratorium Law of the State of Nebraska," in which motion it applied, among other things, "for the entry of an order or decree * * * that the final date for redemption by the plaintiff * * * be stayed until the first day of March, 1935." It alleged in the motion that such a stay was "in accordance with * * * the Nebraska Moratorium Act of 1933 [Laws 1933, c. 65]."

The record indicates that the motion was not called to the court's attention until after the time for redemption fixed in the decree had passed. It remained unacted upon until February 9, 1935, when the insurance company filed its objections thereto, asserting that as the plaintiff had failed to make redemption according to the decree, the decree barred it of all right in the land and was final; "the plaintiff had no interest whatever in the land"; and that "there are no further proceedings to be stayed;" and that "the Nebraska moratorium law does not apply to an action of this character."

On the same day the court heard and overruled the application of the Woods Brothers Company for a moratorium stay and this appeal follows, based upon the single assignment of error that the court "erred in overruling the application * * requesting stay *. * * in accordance with the moratorium law of the State of Nebraska."

[1, 2] The record before us does not disclose what the grounds or considerations were upon which the trial court rested its conclusion and order. No bill of exceptions has been preserved, and there are no findings of fact or conclusions of law requested or made. Absent all of these, we are restrained to the inquiry whether the Nebraska Moratorium Act (Laws 1933, c. 65) and amendment (House Roll No. 1, Session Laws 1935, c. 41) accorded the plaintiff a moratorium stay as a matter of right upon the facts appearing from the judgment roll. On that question this court will follow the construction which has been put upon the act by the court of last resort in Nebraska. In Wheeler v. Boiler, 263 N.W. 123, that court held:

"Section 1 of House Roll No. 600 chapter 65, Laws 1933 (Comp.St.Supp.1933, 20-21, 159), requires the moratorium to be allowed in foreclosures of land contracts 'unless upon hearing on said application, good cause is shown to the contrary.' No bill of exceptions having been brought up, we cannot discover what transpired on the hearing of the application for the moratorium.

"In the absence of a bill of exceptions this court will determine only whether the pleadings sustain the judgment rendered thereon. Troyer Furniture Co. v. Orchard & Wilhelm Co., 121 Neb. 301, 237 N.W. 144; Gaines v. Warrick, 113 Neb. 235, 202 N.W. 866.

"The pleadings and transcript sustain the judgment of the district court. It is affirmed."

This court should sustain the order of the District Court herein upon substantially the same considerations found controlling by the Supreme Court of Nebraska in the foregoing case. In the course of the litigation between the Woods Brothers Company and the insurance company in the District Court and in the hearing on the application for moratorium stay, it may well have been developed and made apparent to the trial court that the interest of the Woods Brothers Company in the lands that they had deeded to and which were in the possession of the insurance company was remote, speculative, or unsubstantial, and that after the lapse of years which had passed without any tender or payment of interest, taxes, or charges by the Woods Brothers Company, good cause existed for denial of moratorium stay beyond the time extended to Woods Brothers Company by the trial court in its decree according it the right to redeem.

Appellant argues that the objections filed to its application for moratorium stay did not present facts or contentions amounting to "good cause" for refusal of the moratorium stay. The order of the trial court, however, which denied the moratorium stay and which is now appealed from recites that the cause came on to be heard "upon plaintiff's application for a moratorium stay" and it is not indicated that the court confined itself to consideration of any particular objections that may have been presented or urged.

We find it unnecessary to discuss other points ably argued in the briefs of counsel.

The order appealed from is affirmed.