LINCOLN JOINT STOCK LAND BANK, APPELLEE, V. LAFAYETTE P. BARNES ET AL., APPELLEES: WILLIAM NIKLAUS ET AL., APPELLANTS.

8 N. W. (2d) 545

FILED MARCH 19, 1943. No. 31516.

*Herbert W. Baird* and *O. B. Clark,* for appellants.

*Fred M. Deweese* and *C. A. Sorensen, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER and WENKE, JJ.

WENKE, J.

This is an appeal by William Niklaus, Mary V. Niklaus, and the Loup River Public Power District, a corporation, defendants and appellants herein, from a decree of foreclosure rendered by the district court for Lancaster county in favor of the Lincoln Joint Stock Land Bank of Lincoln, Nebraska, plaintiff and appellee herein, against the appellants and other defendants foreclosing a mortgage on certain lands located in Lancaster county.

There being no bill of exceptions, this court will determine whether the pleadings sustain the findings of fact of the lower court and the decree entered thereon (*Wheeler v. Boiler*, 129 Neb. 792, 263 N. W. 123), and it will be presumed that an issue of fact raised by the pleadings received support from the evidence and that such issue was correctly determined (*Prokop v. Mlady*, 136 Neb. 644, 287 N. W. 55). From an examination of the second amended and supplemental petition of the plaintiff, upon which this case was tried, we find that it sustains the findings of fact of the lower court and the decree entered thereon; therefore, the only questions here for consideration are questions of law. *Luikart v. Heelan*, 136 Neb. 492, 286 N. W. 780.

A brief statement of the proceedings in the lower court will help to clarify a discussion of the case, although the findings of fact of the lower court will be referred to only as they are applicable to the law as discussed. This is a mortgage foreclosure action commenced on June 7, 1928, in the district court for Lancaster county to foreclose a mortgage on certain lands located therein. Summonses were issued and served upon the several defendants. On December 17, 1930, the federal court having on March 9, 1929, restrained the plaintiff from proceeding therein, the case was removed from the docket but remained pending with leave to reinstate. On December 30, 1938, the plaintiff made application to reinstate the case to the docket, to which objections were filed, and on January 24, 1939, the objections were sustained and the motion overruled. On July 12, 1939, plaintiff filed a supplemental petition for revivor and rein-

statement, and on March 18, 1940, the court ordered the reinstatement of the action and revived the same against Paul W. Erickson and Amanda J. Erickson as heirs and devisees of H. E. Erickson, deceased, and further granted leave to file an amended and supplemental petition instanter which was thereupon filed. Thereafter on July 18, 1940, the court granted leave to plaintiff to file its second amended and supplemental petition which was filed instanter. To the second amended and supplemental petition the defendants Lafayette P. Barnes, William Niklaus, Mary V. Niklaus, Loup River Public Power District, Ann Louise Erickson, Amanda J. Erickson, and Paul W. Erickson filed answers, to which plaintiff filed replies. Trial was had on May 19, 20, and 21, and on May 21, 1942, the court extended its findings of fact and conclusions of law pursuant to which a decree of foreclosure was entered for the plaintiff.

The principal contention of the appellants is that in an action to foreclose a real estate mortgage questions of title, paramount and adverse, cannot be litigated therein, and that they were therefore neither necessary nor proper parties and as provided in section 6, art. I of the Constitution, and section 20-1104, Comp. St. 1929, their right to jury trial was denied. This action, as set forth in the original petition and in the second amended and supplemental petition, is to foreclose a real estate mortgage upon the premises therein described. "The foreclosure of a mortgage is an equitable proceeding. It is a matter of which chancery has inherent original jurisdiction, and in the many states where statutes have been enacted conferring jurisdiction of such matters upon equity courts, and in those where the distinction between law and equity has been abolished, the foreclosure of mortgages follows the principles and rules of practice already established by courts of equity in the exercise of their general jurisdiction." Note, 68 Am. St. Rep. 354. A foreclosure action is not a suit to quiet title but for the purpose of determining the existence of a mortgage lien, to ascertain the amount thereof and its priority, and to obtain a decree directing the sale of the premises in

satisfaction thereof in case no redemption is made and the mortgagee has no such interest in the premises that he can question any title that is paramount and adverse and such persons generally cannot be made parties thereto. The general rule as stated in 42 C. J. 55, is: "A person setting up a claim of title to the mortgaged premises adverse and paramount to that of the mortgagor, and not derived from him, is not a proper party to the foreclosure suit, as he has no interest in the subject-matter of the action and his rights or title could not properly be litigated therein." However, in the same paragraph it goes on to state: "A person asserting a right or title under the mortgagor prior to the mortgage sought to be foreclosed is a proper party, particularly where by failing to record his deed or by other conduct he has precluded himself from asserting his prior rights." In the case of *Shellenbarger v. Biser*, 5 Neb. 195, we have stated: "A person claiming adversely to the title of the mortgagor, and prior to the execution of the mortgage, cannot properly be made a party, for the purpose of trying the validity of such adverse claim of title." The exact situation herein, where the mortgagor executed a deed prior to the mortgage but which deed was not recorded until after the mortgage, has never been passed upon by this court, and the question is, can the grantee and his successors in title be made parties for the purpose of determining whether the mortgagee became such in good faith and without notice under section 76-218, Comp. St. 1929, and thereby declare the deed void as to the mortgagee? The only case similar in fact is the case of *Clements v. Doak*, 140 Neb. 265, 299 N. W. 505. In that case the grantee and her successors in title were not made parties in the original action to foreclose the mortgage; subsequently the purchaser at the foreclosure sale brought an action to quiet title as against the successors in title of the grantee. The court stated: "In a foreclosure case only the mortgagee, the mortgagor, and those who have acquired any interest from either of them subsequent to the mortgage are necessary parties. * * * The interest acquired by Mrs. Doak's mother

preceded the mortgage, and, under the conditions, the conveyance was absolutely void as to the mortgagee. She was not a necessary party defendant." While a mortgage foreclosure is not in effect an action to quiet title and the interest of the mortgagee created by the mortgage does not permit him to litigate adverse and paramount titles thereto, however, the very purpose of a mortgage foreclosure is to make available for the mortgagee, in case redemption is not made, the sale of all the interests that the mortgagor had in the premises at the time of giving the mortgage free of all rights acquired therein subsequent thereto. Section 20-317, Comp. St. 1929, provides: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein," and section 20-323, Comp. St. 1929, provides in part: "The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights." We have frequently held: "A court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief with respect to the subject-matter. * * * 'The preventing of a multiplicity of suits in connection with other grounds of equitable cognizance may justify a court of equity in entertaining jurisdiction'." *Parsons Construction Co. v. Gifford,* 129 Neb. 617, 262 N. W. 508. Courts of equity, in order to prevent a multiplicity of suits, as in *Clements v. Doak, supra,* where a failure to make the grantee a defendant in the foreclosure required another action to quiet title, have always endeavored to administer complete relief in respect to the subject-matter. We have, therefore, come to the conclusion that the grantee of a deed from the mortgagor, executed prior but recorded subsequent to a mortgage, together with his successors in title are not necessary, but are proper, parties in a foreclosure of said mortgage, and the question of the mortgagee's having taken the mortgage in good faith without notice so as to make the deed void as

to the mortgagee under section 76-218, Comp. St. 1929, may be determined therein. This does not place any undue burden on the grantee and his successors in title for it is his neglect in filing his deed that creates this situation and the mortgagee is entitled to have the priority of his mortgage determined as to all matters affecting the mortgagor's title subsequent thereto. The trial court having found that the mortgagee at the time of taking the mortgage had no actual notice thereof nor any information or notice of any fact that would put it upon inquiry as to any outstanding conveyance and that they acted in good faith, the deed was therefore void as to the mortgagee. This would in no way affect the rights as between the grantor and grantee.

The appellants further contend that appellee's rights herein as against them have been barred by the statute of limitations. From March 9, 1929, until sometime in 1938 the appellee herein was restrained and enjoined by the federal court from proceeding further and the trustee of said court during that period was in possesssion of the premises. The rule as announced in 34 Am. Jur. 194, sec. 237, is: "That during the period of the restraint, incident to other legal proceedings which are of such a character that the law forbids one of the parties to exercise a legal remedy against another, the running of the statute of limitations is postponed, or, if it has commenced to run, is suspended." In *Macke v. Jungels*, 102 Neb. 123, 166 N. W. 191, which was an action to prevent the collection or transfer of certain notes and mortgages given in settlement of a claim for damages, the court held the notes and mortgages were obtained by coercion by others than the payee and therefore void. In discussing the rights of the payee to sue for damages and the application of the statute of limitations thereto the court said: "This action, enjoining the defendant from bringing suit on the note, was begun April 14, 1915. It would be inequitable that defendant's claim for damages should be lost by running of the statute of limitations during the time this action has been pending. * * * During its pendency she has not been free to otherwise

prosecute it," and it was therein held: "The payee should in an action in equity be permitted to prosecute her claim of damages for tort, and that the statute of limitations does not run during the period covering the pendency of said action." The courts of other jurisdictions in passing on this question have held: "Whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right." *St. Paul, M. & M. Ry. Co. v. Olson*, 87 Minn. 117, 91 N. W. 294; *Johnson v. Johnson*, 182 Okla. 293, 77 Pac. (2d) 745; Note, Ann. Cas. 1914C, 1183. Statutes of limitations are statutes of repose and they are enacted upon the presumption that one having a well-founded claim will not delay enforcing it beyond a reasonable time if he has the right to proceed. But the basis of the presumption is gone whenever the ability to resort to the courts has been taken away. The appellee having been restrained from proceeding further by a paramount authority, the period thereof should not be considered in computing the time for the statute of limitations to run and therefore none of its rights have been barred thereby.

It is the further contention of the appellants that, when the appellee took a deed to the premises from Frank Rutherford and wife, Dora F., on July 19, 1934, said Rutherford having prior thereto on July 1, 1925, obtained a deed from Lafayette P. Barnes and wife, Lottie M., the mortgagors, this deed had the effect of dismissing plaintiff's action as to all defendants. The appellee did not release its mortgage nor dismiss its action. In *Wyatt-Bullard Lumber Co. v. Bourke*, 55 Neb. 9, 75 N. W. 241, we stated: "Ordinarily, when one having a mortgage on real estate becomes the owner of the fee the former estate is merged in the latter. * * * But the mortgagee may in such case keep his mortgage alive when it is essential to his security against an intervening title. If there was no expression of his intention in relation to the matter at the time he ac-

quired the equity of redemption, it will be presumed, in the absence of circumstances indicating a contrary purpose, that he intended to do that which would prove most advantageous to himself." Which we also held in *Edney v. Jensen*, 116 Neb. 242, 216 N. W. 812. The trial court found that the appellee by taking the deed did not intend to merge it with the mortgage. This is further evidenced by the continuation of the foreclosure proceeding to terminate all intervening claims. The appellee had a legal right to do this and his taking of the title with the intention not to merge it with the mortgage did not dismiss its actions and it had a right to proceed therewith to a final determination.

The appellants further contend that the ruling of the trial court made on January 24, 1939, overruling the appellee's motion to reinstate this action and sustaining the objections thereto was a final order which has neither been vacated or set aside nor appealed from and therefore the appellee would have no right to proceed further. At the time of appellee's motion for reinstatement the action was pending but had been dropped from the docket by order of the court on December 17, 1930. Subsequently on March 18, 1940, the action was revived and reinstated. In order to entitle one to appeal there must have been a final order or judgment rendered in the cause. This court has without exception held to this rule. In *Huffman v. Rhodes*, 72 Neb. 57, 100 N. W. 159, this court said: "An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory. When no further action of the court is required to dispose of the cause pending, the order becomes final and from which an appeal or proceedings in error will lie." Is the order of January 24, 1939, a final order? Applying this rule we hold that the order was interlocutory and not final for it neither dismissed nor disposed of the action, but it remained pending for further proceedings to be had therein, and it did not make any final disposition of the substantial rights of the parties involved and such rights remained undetermined.

From a careful analysis of the original petition filed and of the second amended and supplemental petition upon which the case was tried, we find that the cause of action therein is the same, being for the purpose of foreclosing the same mortgage upon the same premises. While additional parties were made necessary due to the death of H. E. Erickson during the time that appellee was prevented from proceeding herein and to subsequent conveyances from his heirs and successors in title, and that additional allegations were necessary and permissible under section 20-856, Comp. St. 1929, however, tested by our holdings in *Myers v. Moore*, 78 Neb. 448, 110 N. W. 989, wherein we stated: "So long as the court can see that the identity of the cause of action is preserved, the particular allegations of the petition may be changed, and others added, in order to cure imperfections and mistakes in the manner of stating the plaintiff's case," and in *Zelen v. Domestic Industries*, 131 Neb. 123, 267 N. W. 352: "By the phrase 'cause of action,' * * * is meant, not the formal statement of facts set forth in the petition, but the subject-matter upon which the plaintiff grounds his right of recovery," and in the light of the ultimate facts alleged, the second amended and supplemental petition introduced no new cause of action.

After a careful examination of all the contentions of the appellants, we have come to the conclusion that the actions and proceedings in the trial court were proper and are in all matters affirmed.

AFFIRMED.