LAKESHORE COMMERCIAL FINANCE CORPORATION, APPELLEE, V.
NORTH PLATTE H. J. MOTEL, INC., A CORPORATION, ET AL., APPELLANTS.

302 N.W.2d 39

Filed February 13, 1981. No. 43339.

Jerome Rinzel of Rinzel and Panlick, S.C., and Robert E. Roeder for appellants.

Robert K. Steuer of Weiss, Steuer, Berzowski & Kriger and Richard W. Satterfield of Kay & Satterfield for appellee.

Heard before BOSLAUGH and WHITE, JJ., and KELLY and BARTU, District Judges, and RONIN, Retired District Judge.

BOSLAUGH, J.

This was an action to foreclose mortgages upon the property in Lincoln County, Nebraska, upon which the North Platte Howard Johnson Motel and Restaurant is located. The motel and restaurant are owned by the defendant, North Platte H. J. Motel, Inc. The other principal defendant is Virginia K. Lesperance.

In 1971, the plaintiff, a commercial finance corporation, loaned funds to the defendant motel corporation pursuant to a promissory note dated March 1, 1971, in the amount of $150,000, secured by two mortgages upon the property, also dated March 1, 1971. One of these mortgages was recorded on March 18, 1971. The plaintiff made additional loans to the motel corporation in 1971, 1972, and 1973. The construction of the motel and restaurant commenced in September 1971 and was completed in September 1972. Permanent financing for the project was obtained from The Lincoln National Life Insurance Company. A release of the plaintiff's mortgage dated June 18, 1971, was recorded on January 29, 1973, so that the insurance company mortgage would be the first mortgage.

On March 27, 1975, a deed purporting to convey the property to Virginia K. Lesperance was recorded. This deed, which was dated September 6, 1971, was purportedly executed on behalf of the corporation by "V. Lesperance" as the president.

On September 3, 1974, the plaintiff recorded the other mortgage dated March 1, 1971. On January 13, 1976, the plaintiff obtained a further mortgage from the motel corporation, which was recorded on January 23, 1976.

The trial court found that the deed to Virginia K. Lesperance was void, and the failure to record it for an extended period of time was either a fraud or an estoppel; that the plaintiff's mortgage dated January 15, 1976, was valid and subject only to the insurance company mortgage and the leasehold interest of the Howard Johnson Company; that the sum of $301,196.37 was due the plaintiff from the motel corporation; and that the plaintiff was entitled to foreclosure. The defendants have appealed.

The controlling issue on the appeal is the validity of the deed to Mrs. Lesperance.

The evidence shows that in all of the transactions between the plaintiff and the corporation, Joseph W. Restle represented the motel corporation. Mrs. Lesperance testified, by deposition, that she had never been an officer of the motel corporation and that Restle and his wife were the officers of the corporation. Mrs. Lesperance was a secretary in the Milwaukee County department of welfare. She was unfamiliar with the property, had never seen it, did not know whether it was mortgaged, and could not "recall" what she had paid for the property. The inference from the evidence as a whole is that there was no consideration for the deed to her. It is clear from the evidence that the deed to Virginia K. Lesperance was void as against the plaintiff and that the decision of the trial court on this issue was correct.

The defendants argue that the validity of the Lesperance deed could not be litigated in the foreclosure action under the rules stated in *Lincoln Joint Stock Land Bank v. Barnes*, 143 Neb. 58, 8 N.W.2d 545 (1943). In that case, authority is quoted to the effect that the validity of a title paramount and adverse to the

mortgagor *and not derived from him* cannot be litigated in a proceeding to foreclose a mortgage. The rule, even if valid, has no application here. See 59 C.J.S. *Mortgages* § 627 (1949).

It is unnecessary to consider the other assignments of error. The judgment of the District Court is affirmed.

AFFIRMED.